UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
J & J SPORTS PRODUCTIONS, INC.,     :
as Broadcast Licensee of the        :
March 19, 2005 Morales/Pacquaio     :
Program                             :
                                    :
                  Plaintiff,        :
                                    :
                                    :   06 Civ. 3621 (LAP)
        -against-                   :
                                    :   ORDER ADOPTING
                                    :   REPORT AND
                                    :   RECOMMENDATION
                                    :
JOSE M. ESTEVEZ, individually       :
and as officer, director,           :
shareholder and/or principal        :
of El Posito Bar a/k/a El Posito    :
Bar Restaurant a/k/a El Posito      :
Bar, & EL POSITO RESTAURANT, INC.   :
d/b/a El Posito Bar                 :
a/k/a El Posito Bar Restaurant      :
a/k/a El Posito Bar,                :
                                    :
                  Defendants.       :
                                    :
------------------------------------x

LORETTA A. PRESKA, U.S.D.J.:

   On May 11, 2006, Plaintiff J & J Sports Productions, Inc. ("J&J") filed a complaint alleging that Defendants Jose Estevez and El Posito Restaurant ("Defendants") willfully violated its distribution rights under the Federal Communications Act of 1934, 47 U.S.C. § 553 and § 605, by intercepting, receiving, descrambling and

1

exhibiting, without permission from J&J, the closed-circuit, pay-per-view March 19, 2005 Morales/Pacquaio boxing match and related undercard bouts. E.g., Compl. ¶¶ 15-19.[1] Defendants failed to answer or otherwise move with respect to the complaint. Accordingly, on October 4, 2006, I granted default judgment against Defendants and referred the case to the Honorable Andrew J. Peck, Magistrate Judge, for an inquest into damages.

On November 6, 2006, based upon an inquest by affidavit, Judge Peck issued a Report and Recommendation (the "Report"), recommending that J&J should be awarded statutory damages of $20,000 plus attorneys' fees and costs of $1,501.75. Report at 1-2. With regard to damages, J&J conceded that it cannot recover under both 47 U.S.C. § 553 and § 605, and chose to seek statutory damages under § 605. Report at 3-4. Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)-(ii), statutory damages of $1,000-$10,000 are available to a prevailing plaintiff, and additional damages of up to $100,000 are available where the violation is willful and for purposes of commercial gain. Report at 3. Based on many prior decisions in this area, Judge Peck concluded

---

[1] "Compl." refers to the Complaint filed by J&J on May 11, 2006.

that J&J should be awarded statutory damages of $20,000. Report at 4.

With regard to attorneys' fees and costs, J&J requested attorneys' fees of $951.75 and costs of $900. Report at 5. Judge Peck found that the attorneys' fees were reasonable and should be awarded. Judge Peck further found that the $550 fee for filing and serving process was appropriate and should be awarded. Id. However, Judge Peck determined that the $350 fee for an investigator was not appropriate in light of the large statutory damages award. Id.

No objections were filed by either party. Finding Judge Peck's Report to be well-reasoned and grounded in the law, it is hereby ORDERED that that the Report is adopted and J&J is awarded statutory damages of $20,000 plus attorneys' fees and costs of $1,501.75.

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.


SO ORDERED:

DATED:    New York, New York
          November 21, 2006

                                    _____
                                    LORETTA A. PRESKA, U.S.D.J.

3